# IN THE COURT OF APPEALS OF IOWA

No. 15-1026
Filed September 10, 2015

**IN THE INTEREST OF K.P. AND E.P.,**
**Minor Children,**

**P.L., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

A mother appeals from a permanency order to establish a guardianship for her children with the paternal grandparents. **AFFIRMED.**

Gina E. Verdoorn of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, John Criswell, County Attorney, and Tracie L. Sehnert, Assistant County Attorney, for appellee State.

Yvonne C. Naanep, Des Moines, for father.

M. Kathryn Miller of the Polk County Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

A mother appeals from a permanency order to establish a guardianship for her children, ages twelve and fourteen, with the paternal grandparents.[1] She contends the juvenile court erred in determining the guardianship was in the children's best interests because she is "clearly a minimally adequate parent." If the question presented to us were whether the mother is a minimally adequate parent, we would find in the affirmative.[2]

But the issue at this stage in the juvenile proceedings is statutorily set pursuant to Iowa Code section 232.104 (2015), and we must determine whether a return to the mother's custody is in the children's best interests. *See* Iowa Code § 232.104(6) (stating that following a permanency order a child shall not be returned to the custody of a parent over a formal objection filed by child's attorney or guardian ad litem, unless the court finds by a preponderance of the evidence that parental custody furthers the child's best interests); *see also In re A.S.T.*, 508 N.W.2d 735, 737 (Iowa Ct. App. 1993) (stating that in reviewing a permanency order modification, a court looks "solely at children's best interests": "[p]art of that focus may be on parental change, but the overwhelming bulk of the focus is on the children and their needs").

---

[1] The children's father is not involved in this appeal. The mother and father had been married for eighteen years but divorced in 2010.

[2] It is presumed the best interests of the child will be served by leaving it with its parents, but this is not a conclusive presumption. *In re T.D.C.*, 336 N.W.2d 738, 740 (Iowa 1983). The State has a duty to see that every child receives minimally adequate care and treatment and will intercede when parents abdicate their responsibility. *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981); *see also In re M.H.*, 367 N.W.2d 275, 278 (Iowa Ct. App. 1985) ("The State has a duty to see that every child receives minimally adequate care and treatment and will intercede when parents abdicate their responsibility.").

The children came to the attention of the department of human services (DHS) in October 2013 as a result of the mother's methamphetamine use and involvement in a domestically violent relationship.[3] The children then began to reside with their paternal grandparents, though there is some indication the grandparents had been providing for the children's care previously. On November 25, 2013, the children were adjudicated children in need of assistance (CINA) and the juvenile court ordered they remain in their grandparents' care. A dispositional order was entered on January 7, 2014.

On November 10, 2014, a permanency hearing was held and the court confirmed placement of the children with the grandparents but granted the mother an additional six months to seek reunification. *See* Iowa Code § 232.104(2)(b). The court found at that time:

> [T]he facts set forth in the Petitions which gave rise to the [adjudication] that each child was a Child in Need of Assistance remain unresolved, but the mother, [P.L.], has made improvement in her dealings with serious substance abuse issues. In addition, she appears to have resolved her involvement in an abusive personal relationship. . . . The paternal grandparents are caring for the children, but the mother also wishes to maintain her relationship with them and needs to re-establish trust with them. The mother damaged that relationship by her past conduct. The Court finds that in spite of difficulties between the parents and the children in the past, an addition six months of services should be provided and that termination of parental rights of the parents is not in the best interests of the children, due to the existing bond between them. The Court finds it is not in their best interests to return them to the home of their mother at this time due to the fragile nature of the relationship of trust between the children and the mother. That relationship needs to be rebuilt before they can be returned to the mother.

---

[3] In 2011, there had been a DHS assessment finding the mother had physically abused the children.

The juvenile court ordered the mother be "afforded the opportunity for unsupervised visits with the children, gradually, with increasing durations over time before the next hearing on this matter, to help reestablish trust between her and her children."

Unfortunately, the additional time the mother and children spent together resulted not in an increase of trust between parent and children but in a deterioration of the children's emotional conditions. Moreover, during the extended period, a report of the mother's physical abuse to one of the children was investigated and determined to be founded.

A permanency review hearing was held on April 9 and 13, and May 6, 2015. The department was no longer recommending reunification with the mother and was requesting a guardianship be established. The children's therapist testified it would not be beneficial for the children to live with their mother. A court appointed special advocate (CASA) testified the children's dean of students noted a decline in the girls' grades and behavior during the period of time of increased visitation. The dean concluded that the stability of remaining with the grandparents was necessary for the children's social, emotional, and academic health. The CASA opined the girls should remain with their grandparents. The children's guardian ad litem summarized her position in a written closing argument:

> In conclusion, [the children] again testified to their desire to remain with their grandparents, where they are safe and stable and to maintain a relationship, including visits, with their mother. The overwhelming evidence presented to the court is that this is in the children's best interests and that returning them to their mother's custody would be contrary to their welfare.

The juvenile court entered its permanency review order on June 1, 2015. The court found "that the necessary level of trust between [the mother] and the two children does not exist to establish the needed level for a safe and nurturing environment in her home required for a return of the children to her home." The court concluded:

> 2. Subsequent to the entry of a permanency order, a child shall not be returned to the parents' custody over a formal objection filed by the child's attorney or guardian ad !item, unless the court finds by a preponderance of the evidence that returning the child to such custody would be in the best interest of the child. Code of Iowa Section 232.104(6).
> 3. The best interests of the children require continued removal of the children from the parent's home as a return to the home of the parents would not be in their best interests as the grounds for removal still exist.

The mother appeals.

We review permanency orders de novo, sorting through both the facts and law and adjudicating rights anew on the issues properly presented on appeal. *In re A.T.*, 799 N.W.2d 148, 150–51 (Iowa Ct. App. 2011). We give weight to the factual findings of the juvenile court, but are not bound by them. *Id.*

Upon our de novo review, we agree with the juvenile court's finding that returning the children to the mother would not be in their best interests. *See* Iowa Code § 232.104(2)(d)(1), .104(6). It becomes apparent in reviewing the record that while the children do wish to remain in contact with their mother, they have endured years of instability due to their mother's past substance abuse and involvement with a domestically violent partner, and they do not feel secure in her care. We commend the mother for her hard work in addressing her substance abuse issues. The children have found a safe and stable home with

their paternal grandparents since at least October 2013 and it is not in their best interests at this formative time in their lives to disrupt that recently gained stability. We therefore affirm the permanency review order to establish a guardianship with the paternal grandparents.

**AFFIRMED.**